UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAUL RODRIGUEZ-CARABANTES,<br><br>      Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>      Respondents. | No. C06-1517Z<br><br>ORDER |

   This matter comes before the Court on Petitioner Raul Rodriguez-Carabantes's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, docket no. 1. The petition challenges the lawfulness of Petitioner's continued detention, without opportunity for a bond hearing, by the United States Immigration and Customs Enforcement (ICE).

   The petition was referred to United States Magistrate Judge Monica J. Benton. The parties fully briefed the issues, docket nos. 10-14, 16, and Judge Benton issued a Report and Recommendation to this Court, docket no. 17. The Report and Recommendation recommended that this Court deny the Petition for Writ of Habeas Corpus and grant Respondents' Motion to Dismiss, docket no. 11. Report and Recommendation at 2. Petitioner filed objections to the Report and Recommendation, docket no. 18, reiterating his position that he is entitled to a bond hearing pursuant to INA § 236, 8 U.S.C. § 1226 (INA §

ORDER  1–

236). Because Petitioner objects to the Report and Recommendation, the Court reviews the petition de novo. 28 U.S.C. § 636(b)(1). The Court held oral argument on Petitioner's objections on April 26, 2007. At the conclusion of the hearing the Court DENIED the Respondents' motion to dismiss and GRANTED the writ. This Order explains the Court's ruling.

## BACKGROUND

Petitioner is a native of Mexico who initially entered the United States on or about April 5, 1984. Administrative Record, docket no. 10, at R13-14, R21. Petitioner voluntarily departed the United States in December 2000 (Id. at L54) after an Immigration Judge ordered him removed to Mexico *in abstentia*. Id. at R226-28. In January 2001, Petitioner allegedly reentered the United States illegally. Petition for Writ of Habeas Corpus, docket no. 1, at 4. On May 15, 2006, ICE took Petitioner into custody. Administrative Record, at R180-81. On May 24, 2006, ICE served Petitioner with a notice of intent to reinstate the prior order of removal pursuant to INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) (INA § 241(a)(5)).[1] Id. at L54. On June 2, 2006, the Ninth Circuit issued a stay of removal while it considered Petitioner's challenge to the reinstatement. See Government's Return Memorandum and Status Report, Ex. B., docket no. 11 (Ninth Circuit docket, No. 06-72880). On October 20, 2006, Petitioner filed this Petition for a Writ of Habeas Corpus to challenge his continued detention by ICE. See Petition for Writ of Habeas Corpus, docket no. 1. Petitioner argues that he is entitled to a bond hearing before a neutral adjudicator. Id.

---

[1] INA § 241(a)(5), which controls the process of reinstatement of removal orders against aliens illegally reentering the United States, states:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

ORDER 2–

# DISCUSSION

## 1. Jurisdiction.

The Court has jurisdiction under 28 U.S.C. § 2241 to consider this Petition for Writ of Habeas Corpus.  The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 does not divest the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 43 (9th Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005).  Petitioner challenges his continued detention without a bond hearing, and not the validity of the underlying order of removal.

## 2. Is Petitioner Detained Under INA § 236 or INA § 241?

Whether Petitioner is entitled to a bond hearing before a neutral adjudicator turns upon whether ICE is detaining Petitioner pursuant to INA § 236[2] or INA § 241, 8 U.S.C. § 1231 (INA § 241).[3]  If Petitioner is held pursuant to INA § 241, he is not entitled to a bond hearing as described in INA § 236, and his continued detention is lawful.  Petitioner argues that he remains detained under INA § 236.

Judge Benton determined that Petitioner is detained under INA § 241, agreeing with Respondents that "once [Petitioner] failed to appear for his deportation hearing and was ordered deported to Mexico in abstentia (November 24, 1992), the Attorney General's discretionary authority to detain him shifted from INA § 236 to INA § 241(a)(1)(B).  Upon

---

[2] INA § 236(a) provides, in relevant part:
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on–
>         (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General.

[3] INA § 241(a)(2) provides: "During the removal period, the Attorney General shall detain the alien."

ORDER  3–

reentry, into the United States, [Petitioner's] prior order of Deportation was reinstated pursuant to INA § 241(a)(5)." Report and Recommendation at 8.

### a. Reinstated removal orders are treated interchangeably with original removal orders for purposes of judicial review and detention.

INA § 241(a)(1)(A) states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien . . . within a period of 90 days (in this section referred to as the 'removal period')." Under INA § 241(a)(1)(B):

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of an alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

During the removal period, the Attorney General must detain the alien. INA § 241(a)(2). A detained alien who has not entered the removal period remains detained under INA § 236. INA § 236 provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . ." INA § 236. An alien detained under INA § 236 is entitled to a bond hearing before an independent adjudicator. See 8 C.F.R. § 236.1(d)(1).

The removal period for reinstated removal orders is triggered by the events listed in INA § 241(a)(1). The Sixth Circuit has held that when a court has stayed execution of a reinstated order of removal, the removal period begins at the date of the court's final order. Beijani v. INS, 271 F.3d 670, 689 (6th Cir. 2001), *abrogated on other grounds by* Fernandez-Garcia v. Gonzalez, __U.S. __, 126 S. Ct. 2422 (2006) (citing INA § 241(a)(1)(B)(ii)). The petitioner in Beijani challenged the reinstatement of a prior order of removal, and the Sixth Circuit issued a stay of removal pending its review of the matter. Id. at 673. The Government argued that it had the authority to detain the petitioner pursuant to INA § 241. Id. at 689. The court disagreed: "[T]he Court ordered a stay of removal. Under

ORDER  4–

[INA § 241](a)(1)(B)(ii), the period of removal would not begin until the date of the Court's final order. Thus, the [Government] did not have the authority to detain [petitioner] because the removal period had not begun." Id. Likewise, in Vanegas v. Smith, 179 F. Supp. 2d 1205 (D. Or. 2001), the court held that a "reinstated order of [removal] is administratively final, which triggers the beginning of the 'removal period.'" Id. (quoting INA § 241(a)(2)). Further, for purposes of judicial review, reinstated removal orders are treated no differently than initial removal orders. See Castro-Cortez v. I.N.S., 239 F.3d 1037, 1044 (9th Cir. 2001) ("§ 242(a)(1), which authorizes review of 'order[s] of removal,' authorizes review of reinstatement orders.") Id. (quoting INA § 242(a)(1)) (alteration in original).

Although the removal period begins at the same time for both original and reinstated removal orders, the Government can reinstate a removal order without undergoing the full administrative proceedings required to enter an original removal order. In Morales-Izquierdo v. Gonzales, 477 F.3d 691 (9th Cir. 2007) (en banc), the court considered whether a previously removed alien who illegally reenters the United States is entitled to a hearing before an immigration judge, pursuant to INA § 240, 8 U.S.C. 1229, 1229(a)-(c). The Ninth Circuit concluded that because "Congress intended reinstatement to be a different and far more summary procedure than removal," an alien facing reinstatement is not entitled to a hearing before an immigration judge. Id. However, Morales-Izquierdo did not address the issue before the Court, because Petitioner does not maintain that he is entitled to new administrative proceedings to contest the reinstatement of the prior removal order.

**b.   This Court has held that the removal period under an original removal order begins when the Ninth Circuit lifts its stay of removal.**

Following the plain language of INA § 241(a)(1)(B)(ii), this Court has repeatedly held that when the Ninth Circuit issues a stay of removal pending its review of a final administrative removal order, the alien continues to be detained under INA § 236 until the Ninth Circuit renders its decision. See Quezada-Bucio v. Ridge, 317 F. Supp. 2d 1221, 1224

ORDER  5–

(W.D. Wash. 2004) (Lasnik, J.) (holding that "[b]ecause Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA [Board of Immigration Appeals] decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236."); Middleton v. Clark, No. C06-1324, 2007 WL 1031725, at *1 (W.D. Wash. April 2, 2007) (Martinez, J.); Prieto-Romero v. Clark, No. C07-784, 2007 WL 565872, at *1 (W.D. Wash. February 16, 2007) (Lasnik, J.); Roque v. Chertoff, No. C06-0156, 2006 WL 1663620, at *3 (W.D. Wash. June 12, 2006) (Zilly, J.).

Respondents argue that Petitioner is detained under INA § 241 because entry of a final administrative order of removal always commences the removal period—the beginning of INA § 241 detention.[4]  Respondents cite a number of cases to support this proposition. These cases are either inapposite or offer analyses that this Court has repudiated.

Glassia v. Coleman, No. C02-1222 (W.D. Wash. February 3, 2003) (Rothstein, J.) held that the removal period begins upon entry of a final administrative order of removal. Id. at 4 ("Once Glassia became subject to [a final removal] order, the INS's detention authority shifted to INA section 241, which governs 'post order' detention."). However, Glassia also added that petitioner "rightly" pointed out that he was not detained under INA § 241 because his removal period had not yet begun, as the Ninth Circuit was reviewing his

---

[4] At oral argument, Respondents argued, for the first time, that INA § 242(b)(8), 8 U.S.C. § 1252(b)(8), bolstered its position that the removal period—and thus detention under INA § 241—always commences upon entry of a final order of removal. INA § 242(b)(8), which delineates the procedures governing judicial review of a final removal order, states that "[t]his subsection [§ 1252(b)] . . . does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231(a) of this title." (emphasis added). In its briefing, Respondents neither raised this argument nor so much as cited to INA § 242(b)(8). Regardless, Respondents' argument lacks merit. INA § 242(b)(3)(B) specifically states that service of the petition for review "does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise." Under INA § 241(a)(1)(B)(ii), when a court issues a stay of removal, the removal period does not begin until that court issues a final order. Thus, during the pendency of a court-ordered stay of removal, the Attorney General cannot detain an alien under INA § 241. Nothing in INA § 242(b)(8) purports to modify INA § 241(a)(1)(B)(ii).

ORDER  6–

final removal order. Id. at 5 n.4. Regardless, the Court has since repeatedly held that the removal period does not commence until a stay of removal has been lifted. See e.g., Quezada-Bucio, 317 F. Supp. 2d at 1224; Roque, No. C06-0156, 2006 WL 1663620, at *3.

In Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit noted, in dicta in a footnote, that petitioner had previously obtained a stay of removal, which "tolled" the removal period for purposes of determining whether he had been unreasonably detained under Zadvydas v. United States, 533 U.S. 678 (2001). Akinwale, 287 F.3d at 1052 n.4. Akinwale did not analyze the relationship between INA §§ 236 and 241. This Court has explicitly rejected Akinwale. Al-Bassrei v. Clark, No. C06-508, 2006 WL 2691394, at *4 (W.D. Wash. Aug. 2, 2006) (Pechman, J.) (citing Quezada-Bucio, 317 F. Supp. 2d at1224).

In the rest of the cases cited by Respondents, the alien, unlike Petitioner, had entered the removal period. In Engles v. Coleman, No. C02-2450 (W.D. Wash. August 7, 2006) (Lasnik, J.), the petitioner had entered the removal period because the Ninth Circuit had lifted its stay of removal prior to petitioner filing a petition for writ of habeas corpus. Id. at 6. In De La Teja v. U.S., 321 F.3d 1357 (11th Cir. 2003), petitioner had not appealed his final removal order, and so also had entered the removal period. Id. at 1362-63. In Fahim v. Ashcroft, 227 F. Supp. 2d. 1359 (N.D. Ga. 2002), the petitioner had entered the removal period because the Eleventh Circuit dismissed petitioner's appeal of his removal order before petitioner filed a petition for writ of habeas corpus. Id. at 1361. Likewise, in Kayrouz v. Ashcroft, 261 F. Supp. 2d. 760 (E.D. Ky. 2003), the petitioner had clearly entered the removal period because no court ever stayed the petitioner's final order of removal. Id. at 761.

    **c.**    **Nothing in the regulations suggest that the removal period begins at a different time for reinstated removal orders.**

Nothing in the implementing regulation contradicts this reading of the relevant statutes. 8 C.F.R. § 241.8(f) states that "[e]xecution of the reinstated order of removal and

ORDER   7–

detention of the alien shall be administered in accordance with [Part 241]." 8 C.F.R. § 241.8(f). A natural reading of Part 241 suggests that the removal period begins at the same time for both reinstated removal orders and original removal orders. 8 C.F.R. § 241.1 states that an order of removal becomes final as described in 8 C.F.R. § 1241.1, which in turn states that an order of removal becomes final at the conclusion of administrative proceedings. A reinstated removal order does not become final until an immigration officer determines that INA § 241(a)(5) applies. See 8 C.F.R. § 241(8)(a)-(c). Part 241 also states that an alien will not be taken into custody pursuant to INA § 241 until the removal period begins: See 8 C.F.R. § 241.3(a). While Part 241 does not clearly discuss the relation of INA § 241(a)(1) to INA § 241(a)(5), nothing in Part 241 suggests that the removal period begins at a different time for reinstated removal orders.

### 3. Petitioner is Entitled to a Bond Hearing Pursuant to INA § 236.

The Court holds that Petitioner is detained under INA § 236, and is entitled to an INA § 236(a) bond hearing. When Petitioner voluntarily departed the United States in December 2000, the initial removal order was executed. 8 C.F.R. § 241.7. That is why the United States must affirmatively act to reinstate the prior order of removal. Izquierdo, 477 F.3d at 694. Thus, the reinstatement of the removal order functions as a new final order of removal, which can only be executed once Petitioner has entered the removal period. Because the Ninth Circuit has stayed execution of the reinstated removal order, Petitioner has not entered the removal period, and remains detained under INA § 236(c).[5]

## CONCLUSION

---

[5] Allowing aliens facing reinstatement under INA § 241(a)(5) to have a bond hearing, with commensurate appeals to an immigration judge and the BIA, does seem to grant process not contemplated within the terse language of INA § 241(a)(5). However, a bond hearing and subsequent appeals are wholly collateral to the actual determination of removability and the execution of removal. See 8 C.F.R. § 236.1(d)(4) ("[T]he filing of an appeal from a determination of an immigration judge or district director [granting or denying bond] . . . shall not operate to delay compliance with the order . . . nor stay the administrative proceedings or removal.").

ORDER   8–

1  The Court GRANTS Petitioner's Petition for Writ of Habeas Corpus, docket no. 1,
2 and DENIES Respondents' Motion to Dismiss, docket no. 11.  Because Petitioner is detained
3 under INA § 236, he is entitled to a bond hearing, which he has not received.  The Clerk is
4 directed to enter judgment in accordance with this Order.

5  IT IS SO ORDERED.

6  DATED this 1st day of May, 2006.

*(signature)*
Thomas S. Zilly
United States District Judge

ORDER  9–